1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ARLENE WARD,                                      )          NO. CV 09-1122 AGR
                                                  )
                    Plaintiff,                    )
                                                  )
          v.                                      )
                                                  )          **MEMORANDUM OPINION AND**
MICHAEL J. ASTRUE,                                )          **ORDER**
Commissioner of Social Security,                  )
                                                  )
                    Defendant.                    )
_____)

          Arlene Ward filed this action on June 22, 2009.  Pursuant to 28 U.S.C. §
636(c), the parties consented to proceed before Magistrate Judge Rosenberg on
July 13 and 23, 2009.  (Dkt. Nos. 7, 9.)  On March 31, 2010, the parties filed a
Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken
the matter under submission without oral argument.

          Having reviewed the entire file, the Court reverses the decision of the
Commissioner and remands for further proceedings consistent with this opinion.

///
///
///
///

# I.

## PROCEDURAL BACKGROUND

On June 26, 2006, Ward filed applications for disability insurance benefits and supplemental security income benefits.  Administrative Record ("AR") 9.  In both applications, Ward alleged a disability onset date of May 26, 2005.  *Id.*  The applications were denied initially and upon reconsideration.  AR 47-51, 53-58.  Ward requested a hearing before an Administrative Law Judge ("ALJ").  AR 61.  On August 14, 2008, the ALJ conducted a hearing at which Ward and a medical expert ("ME") testified.  AR 19-34.  On January 22, 2009, the ALJ conducted a supplemental hearing at which a vocational expert ("VE") testified.  AR 35-42.  On March 12, 2009, the ALJ issued a decision denying benefits.  AR 9-16.  On March 16, 2009, Ward requested that the Appeals Council review the decision denying benefits.  AR 4-5.  On May 1, 2009, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the

///

1  evidence is susceptible to more than one rational interpretation, the Court must

2  defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

3  **III.**

4  **DISCUSSION**

5  **A.    Disability**

6  A person qualifies as disabled, and thereby eligible for such benefits, "only

7  if his physical or mental impairment or impairments are of such severity that he is

8  not only unable to do his previous work but cannot, considering his age,

9  education, and work experience, engage in any other kind of substantial gainful

10  work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20,

11  21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

12  **B.    The ALJ's Findings**

13  The ALJ found that Ward meets the insured status requirements through

14  June 30, 2010.  AR 11.

15  Ward has the severe physical impairments of degenerative disc disease

16  and osteoporosis.  *Id.*  Ward has the residual functional capacity to perform

17  sedentary work.  AR 12-15.  Ward "could lift and/or carry 10 pounds frequently

18  and 20 pounds occasionally.  Out of an 8-hour period, the claimant could stand

19  and/or walk for 2 hours and sit for 6 hours.  She should avoid extreme wetness."

20  AR 15.  Ward "could bend, stoop, crouch, kneel and climb stairs only

21  occasionally.  The claimant could do fine and gross manipulation as well as reach

22  in all directions."  AR 14.

23  The ALJ found that Ward is able to perform her past relevant work as a

24  telephone solicitor, appointment clerk and order/sales clerk as they were actually

25  and generally performed in the national economy.  AR 15.

26  **C.    Treating Physician**

27  Ward contends the ALJ improperly rejected a treating physician's opinion

28  regarding Ward's need to use a cane.  JS 10.

3

1    The ALJ noted Ward requested a cane in early 2008.  AR 14, 290 ("still
2    pain on walking" "needs cane to stabilize keep wt off R foot").  The ALJ stated
3    that, in September 2008, "it appears the doctor intended to prescribe one."  AR
4    14, 348 ("Rx next apt").[1]  The ALJ also commented that Ward was previously
5    noted to be using a walker.  AR 14, 294 ("pt has refused pain clinic epidurals" "pt
6    will not exercise using walker").  An x-ray of the right foot in May 2008  showed
7    degenerative disease but no obvious fracture.  AR 14, 359.

8    The ALJ concluded that "[a]lthough [Ward] may ambulate with either a
9    cane or walker, this would not interfere with sedentary work."  AR 13.  The Court
10   does not interpret the ALJ's finding as a rejection of Ward's use of a cane.  The
11   ALJ did not err.

12   **D.    Listed Impairment**

13   Ward argues the ALJ erred in determining that her condition does not meet
14   or equal Listing 1.02.  JS 5.

15   The claimant bears the burden of demonstrating that her impairments are
16   equivalent to one of the listed impairments that are so severe as to preclude
17   substantial gainful activity.  *Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5, 107 S.
18   Ct. 2287, 96 L. Ed. 2d 119 (1987).  "If the impairment meets or equals one of the
19   listed impairments, the claimant is conclusively presumed to be disabled.  If the
20   impairment is not one that is conclusively presumed to be disabling, the
21   evaluation proceeds to the fourth step."  *Id.* at 141; *see also Tackett v. Apfel*, 180
22   F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(iii),
23   416.920(a)(4)(iii).

24   "The listings define impairments that would prevent an adult, regardless of
25   his age, education, or work experience, from performing *any* gainful activity, not
26   just 'substantial gainful activity.'"  *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S. Ct.

27
28   [1] The medical records observe that Ward used a cane in some instances in
     2008.  AR 314, 345-346, 350.

4

1
2
3
4
5
6
7
8
9
10
11

885, 107 L. Ed. 2d 967 (1990) (citation omitted).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Id.* at 530 (emphasis in original).  "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is *not* listed, then to the listed impairment 'most like' the claimant's impairment."  *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526, emphasis in original).  "'Medical equivalence must be based on medical findings.'  A generalized assertion of functional problems is not enough to establish disability at step three."  *Id.* at 1100 (quoting 20 C.F.R. § 404.1526).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Listing 1.02.A reads: "*Major dysfunction of a joint(s) (due to any cause)*: Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s).  With: A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b."  20 C.F.R., Part 404, Subpart P, Appendix 1.  An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.  Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  *Id.* § 1.00B.2.b(1).  An example includes "the inability to walk without the use of a walker, two crutches or two canes . . . ."  *Id.* § 1.00B.2.b(2). ///

1     Contrary to Ward's argument, the ALJ considered the relevant evidence.

2  The ALJ noted that, after a motor vehicle accident, "[x]-ray of the cervical spine in

3  November 2005 showed only mild multi-level cervical degenerative disc disease

4  with mild stenosis at C6-C7 and minimal stenosis from C3-C6 with possible

5  compression fracture." AR 13, 208. At that time, "x-rays of the lumbar and

6  thoracic spine, sacrum and coccyx were normal." AR 13, 210-211, 229. In 2007,

7  an MRI of the cervical spine "showed no evidence of spinal stenosis, only mild

8  neural foraminal stenosis at C4-5 and C5-6 and minimal diffuse degenerative disc

9  disease of the cervical spine." AR 13-14, 307. There was also multi-level

10 degenerative changes of the upper thoracic spine. AR 14, 306 ("mild

11 degenerative facet joint disease L5-S1 with secondary mild neural foraminal

12 stenosis"), 309 ("multilevel degenerative changes with multiple chronic

13 compression deformities of the upper thoracic spine").

14     With respect to her ability to ambulate without the use of a hand-held

15 assistive device that limits the functioning of both upper extremities, the ALJ

16 stated that Ward was noted to be using a walker in December 2007. AR 14, 294.

17 The medical record does not indicate that Ward is unable to ambulate without a

18 walker. Instead, the record states that Ward "claims disabled" and "has refused

19 pain clinic epidurals PT will not exercise using walker." AR 294. As the ALJ

20 noted, Ward subsequently "requested a cane" and there is no indication of Ward

21 using a walker again. AR 14, 290. To the extent Ward argues that the use of

22 one cane meets or equals Listing 1.02, her argument is rejected. There is no

23 indication that the limitations on Ward's ability to walk are sufficiently "extreme" to

24 render her unable "to ambulate effectively" as required to meet or equal Listing

25 1.02.A.

26     The ALJ further stated that his findings were supported by the ME and

27 state agency physicians. AR 12, 15. The ME testified that Ward's right foot met

28 ///

6

1   1.02A, but only for a period of less than 12 months.  AR 23.  Otherwise she did
2   not meet or equal a listing.

3          Ward has not shown error.  The ALJ's finding that Ward did not meet or
4   equal a listing was supported by substantial evidence.  The ALJ was not
5   obligated to "state why a claimant failed to satisfy every different section of the
6   listing of impairments."  *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir.
7   1990).  In *Gonzalez*, the court found that the ALJ's summary of the medical
8   evidence and the claimant's testimony were sufficient, even though the ALJ did
9   not state what evidence supported his conclusion.  *Id.* at 1200-01.  "To require
10  the ALJ's to improve their literary skills in this instance would unduly burden the
11  social security disability process."  *Id.* at 1201; *see also Lewis v. Apfel*, 236 F.3d
12  503, 513 (9th Cir. 2001) (ALJ need not discuss and evaluate evidence that
13  supports his or her conclusion under a specific heading).

14          **E.     Hypothetical Questions to the VE**

15          Ward argues that the ALJ's hypotheticals to the VE did not include her
16  need for a cane.  An ALJ may rely on testimony a VE gives in response to a
17  hypothetical that contains "all of the limitations that the ALJ found credible and
18  supported by substantial evidence in the record."  *Bayliss v. Barnhart*, 427 F.3d
19  1211, 1217-18 (9th Cir. 2005).

20          As discussed above, the ALJ concluded that Ward's use of a cane would
21  not interfere with sedentary work.  AR 13.  The treatment notes indicate Ward
22  used a cane to keep weight off her right foot.  AR 14, 290.  The ALJ's
23  hypothetical to the VE precluded Ward from standing or walking for more than
24  three minutes at a time for a maximum of two hours out of an eight-hour workday.
25  AR 40.  The ALJ did not mention use of a cane.  The VE testified that Ward could
26  perform her past relevant work as telephone solicitor, appointment clerk and
27  order/sales clerk.  AR 39-40.
28  ///

1    The Commissioner argues that the ALJ's finding that use of a cane would

2  not interfere with sedentary work is correct and any error is harmless.[2]  JS 21;

3  *see Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002) (omitting use of cane

4  or wheelchair is irrelevant when hypothetical incorporates option of sitting while

5  working).  The ALJ did not include a sit/stand option in his hypothetical, and the

6  record does not reveal whether a sit/stand option would affect the VE's testimony

7  at step four of the sequential analysis.  Accordingly, the ALJ erred.

8                                              **IV.**

9                                            **ORDER**

10    IT IS HEREBY ORDERED that the decision of the Commissioner is

11  reversed and remanded at step four and, if deemed appropriate, step five of the

12  sequential analysis.

13    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

14  Order and the Judgment herein on all parties or their counsel.

15

16  DATED: March 23, 2011

17                                    ALICIA G. ROSENBERG
                                      United States Magistrate Judge

18

19

20

21

22

23  _____

24    [2] The Commissioner argues Ward failed to establish medical necessity for
    use of a cane.  "To find that a hand-held assistive device is medically required,
    there must be medical documentation establishing the need for a hand-held
25  assistive device to aid in walking or standing, and describing the circumstances
    for which it is needed (i.e., whether all the time, periodically, or only in certain
26  situations; distance and terrain; and any other relevant information)."  Social
    Security Ruling 96-9p, 1996 SSR LEXIS 6, at *19 (July 2, 1996).
27    However, the ALJ did not make such a finding.  A court is constrained to
    review the reasons that the ALJ asserts for his or her decision.  *Connett v.*
28  *Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).